```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
BLACKBOARD INC.,                                              :
                                    Plaintiff,                :
                                                              :       21 Civ. 7165 (LGS)
            -against-                                         :
                                                              :            ORDER
INTERNATIONAL BUSINESS MACHINES                               :
CORPORATION,                                                  :
                                    Defendant.                :
                                                              :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on October 6, 2021, the parties filed a joint motion to seal requesting the Court either (1) keep any briefs and exhibits related to Plaintiff's Motion to Vacate in Part, or Modify in Part, and to Confirm the Arbitration Award under seal or (2) maintain certain narrowly tailored categories of documents under seal and permit the parties to file the redacted versions of the remaining documents on the public docket. (Dkt. No. 20.)

WHEREAS, a three-part inquiry determines whether to seal a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *accord Saadeh v. Kagan*, No. 20 Civ. 1945, 2021 WL 965334, at *2 (S.D.N.Y. March 15, 2021). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (internal quotation marks omitted). The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*. The third step is to balance against the presumption any "competing considerations" such as "impairing law enforcement[,] judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the

presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the presumption of public access applies. "[P]etitions to confirm arbitration awards, and their attendant memoranda of law and supporting documents, are 'judicial documents that directly affect[ ] the Court's adjudication' of the confirmation petition." *Breaking Glass Pictures, LLC v. Sal Franciosa Productions, LLC*, No. 20 Civ. 4304, 2020 WL 3318050, at *1 (S.D.N.Y. June 18, 2020). "Such documents are subject to the presumption of public access under the First Amendment because [i]n circumstances where an arbitration award is confirmed, the public in the usual case has a right to know what the Court has done." *Alexandria Real Estate Equities, Inc. v. Fair*, No. 11 Civ. 3694, 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011) (internal quotation marks omitted).

WHEREAS, the party moving to place these documents under seal bear "the burden of demonstrating what 'higher values' overcome the presumption of public access and justify sealing." *Id.* at *3. Examples of "higher values" include protecting the attorney-client privilege, *Lugosch*, 435 F.3d at 125, the privacy of innocent third parties, *United States v. Amodeo,* 71 F.3d 1044, 1050 (2d Cir. 1995), and the confidentiality of sensitive commercial information, *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021).

WHEREAS, the parties have proposed narrow categories of documents to remain under seal and have proposed specific redactions of remaining documents, including confidential

settlement discussions, confidential pricing and financial information, commercially sensitive information and trade secrets.  It is hereby

**ORDERED** that the parties' pending application to seal is **GRANTED**.  By **October 15, 2021**, the parties file redacted and/or excepted versions of the documents in question on the public record, as outlined in Appendix A of their Joint Letter (Dkt. No. 20-1).

The Clerk of Court is respectfully directed to terminate the motion at Docket No. 20.

Dated: October 8, 2021
       New York, New York

                                                  LORNA G. SCHOFIELD
                                        UNITED STATES DISTRICT JUDGE